IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALEXANDER GUAQUETA LONDONO, #95181-298,<br><br>          Plaintiff,<br><br>     v.<br><br>ESTELLA DERR, et al.,<br><br>          Defendants. | Civil No. 22-00178 JAO-WRP<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND |

## <u>ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND</u>

Before the Court is a First Amended Prisoner Civil Rights Complaint

("FAC"), ECF No. 6, filed by pro se Plaintiff Alexander Guaqueta Londono

("Londono") pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau*

*of Narcotics*, 403 U.S. 388 (1971).  Londono alleges that two officials[1] at the

Federal Detention Center in Honolulu, Hawaiʻi ("FDC Honolulu") denied him

access to the courts (Count I) and unlawfully deprived him of property (Count II).

ECF No. 6 at 5–6.  For the following reasons, the Complaint is DISMISSED for

---

[1]  Londono names as Defendants Warden Estella Derr ("Warden Derr") and Unit 5A Counselor Dwayne Bautista ("Unit Counselor Bautista" or "Bautista") in their individual capacities.  ECF No. 1 at 1–2.

failure to state a claim for relief.  *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1).

Because any amendment would be futile, the dismissal is without leave to amend.

## I.    <u>STATUTORY SCREENING</u>

The Court is required to screen all in forma pauperis prisoner pleadings

against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

*See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Claims or

complaints that are frivolous, malicious, fail to state a claim for relief, or seek

damages from defendants who are immune from suit must be dismissed.  *See*

*Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v.*

*Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same

standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).

*See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under

this standard, a complaint must "contain sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (internal quotation marks and citation omitted).  A claim is

"plausible" when the facts alleged support a reasonable inference that the plaintiff

is entitled to relief from a specific defendant for specific misconduct.  *See id.*

In conducting this screening, the Court liberally construes pro se litigants'

pleadings and resolves all doubts in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338,

342 (9th Cir. 2010) (citations omitted).  The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d at 1130.  When a claim cannot be saved by amendment, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.    **BACKGROUND**[2]

On an unspecified date, Londono was transferred from the Otay Mesa Detention Center in San Diego, California ("Otay Mesa") to FDC Honolulu.  ECF No. 6 at 6.  Before Londono left Otay Mesa, he had $426.00 in his prison account. *Id.*  As of May 6, 2022, this money had not been deposited into Londono's account at FDC Honolulu.  *Id.* at 6, 8.  According to Londono, he does not know if Otay Mesa failed to transfer the money or if FDC Honolulu failed to credit the money to his account.  *Id.* at 6.

During "orientation" at FDC Honolulu, Unit Counselor Bautista told Londono that he should complete a "COP OUT" — that is, an informal complaint — regarding the missing money.  *Id.*  If Londono submitted an informal complaint as instructed, Bautista stated that "he would correct the problem."  *Id.*

---

[2]  At screening, Londono's well-pleaded factual allegations are accepted as true. *See, e.g.*, *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

3

Londono submitted informal complaints to unidentified prison officials and a request for administrative remedies to Warden Derr.  *Id.* at 5.  According to Londono, his complaints and request were ignored.  *Id.*

Londono commenced this suit by signing the original Complaint on April 4, 2022.  ECF No. 1 at 8.  The Court received Londono's Application to Proceed In Forma Pauperis by a Prisoner on April 26, 2022, ECF No. 4, and granted that application on May 2, 2022, ECF No. 5.  Before the Court had an opportunity to screen the original Complaint, Londono filed the FAC on May 11, 2022.  ECF No. 6.  The FAC is now the operative pleading in this suit.

Londono alleges in Count I of the FAC that he was denied access to the courts because his informal complaints and request for administrative remedies were ignored.  *Id.* at 5.  Londono alleges in Count II that he was unlawfully deprived of property because $426.00 was not transferred from his prison account at Otay Mesa to his account at FDC Honolulu.  *Id*. at 6.  Londono seeks the return of the $426.00 in addition to fees associated with this suit.  *Id.* at 8.

### III.  <u>DISCUSSION</u>

### A.  **Legal Framework For *Bivens* Claims**

In *Bivens*, the Supreme Court "recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights."  *Hernandez v. Mesa*, 582 U.S. ___, 137 S. Ct. 2003, 2006

(2017) (per curiam) (internal quotation marks and citation omitted). *Bivens* involved a suit against individual federal agents who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. *See Bivens*, 403 U.S. at 389–90. Since *Bivens*, the Supreme Court has expanded this implied cause of action only twice. *See Ziglar v. Abbasi*, 582 U.S. ___, 137 S. Ct. 1843, 1855 (2017) ("These three cases — *Bivens*, *Davis*, and *Carlson* — represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself."); *Davis v. Passman*, 442 U.S. 228 (1979) (suit under the Fifth Amendment's Due Process Clause for gender discrimination by a United States Congressman); *Carlson v. Green*, 446 U.S. 14 (1980) (suit under the Eighth Amendment's Cruel and Unusual Punishment Clause for failure to provide adequate medical treatment by federal prison officials).

The Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Abbasi*, 582 U.S. at ___, 137 S. Ct. at 1857 (quoting *Iqbal*, 556 U.S. at 675). "This is in accord with the Court's observation that it has 'consistently refused to extend *Bivens* to any new context or new category of defendants.'"[3] *Id.* (quoting *Malesko*, 534 U.S. at 68). Indeed, the

_____

[3]  The Supreme Court declined to create a *Bivens* remedy in the following cases:  a First Amendment suit against a federal employer, *see Bush v. Lucas*, 462 U.S. 367 (1983); a race discrimination suit against military officers, *see Chappell v. Wallace*, 462 U.S. 296 (1983); a substantive due process suit against military

(continued . . .)

Court has suggested that "the analysis in [its] three *Bivens* cases might have been different if they were decided today." *Id.* at ___, 137 S. Ct. at 1856.

In deciding whether a *Bivens* remedy is available, courts first consider whether providing such a remedy is precluded by prior cases in which the Supreme Court or the Ninth Circuit has declined to recognize an implied right of action. *See Lanuza v. Love*, 899 F.3d 1019, 1025 (9th Cir. 2018). If a claim is precluded, that is the end of the matter. If a claim is not precluded, courts then apply a two-step test.

At step one, courts determine whether a plaintiff is seeking a *Bivens* remedy in a new context. *See Ioane v. Hodges*, 939 F.3d 945, 951 (9th Cir. 2018). The context is new "[i]f the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court]." *Abbasi*, 582 U.S. at ___, 137 S. Ct. at

---

(. . . continued)

officers, *see United States v. Stanley*, 483 U.S. 669 (1987); a procedural due process suit against Social Security officials, *see Schweiker v. Chilicky*, 487 U.S. 412 (1988); a procedural due process suit against a federal agency for wrongful termination, *see FDIC v. Meyer*, 510 U.S. 471 (1994); an Eighth Amendment suit against a private halfway house operator under contract with the BOP, *see Corr. Servs. Corp. v. Malesko*, 534 U.S. 61 (2001); a claim of retaliation by Bureau of Land Management officials against plaintiff for his exercise of Fifth Amendment property rights, *see Wilkie v. Robbins*, 551 U.S. 537 (2007); an Eighth Amendment suit against prison guards at a private prison, *see Minneci v. Pollard*, 565 U.S. 118 (2012); and a Fifth Amendment suit against Department of Justice officials, *see Abbasi*, 582 U.S. ___, 137 S. Ct. 1843.

1859.  If the plaintiff is seeking a *Bivens* remedy in a new context, then courts proceed to the second step.

At step two, courts may extend *Bivens* only if two conditions are met. "First, the plaintiff must not have any other adequate alternative remedy." *Ioane*, 939 F.3d at 951 (internal quotation marks and citation omitted).  "Second, there cannot be any 'special factors' that lead the court to believe that Congress, instead of the courts, should be the one to authorize a suit for money damages." *Id.* at 951–52 (some internal quotation marks, brackets, and citation omitted).  Although the Supreme Court has yet to define the term, "special factors," it has explained that "the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed."  *Abbasi*, 582 U.S. at ___, 137 S. Ct. at 1857–58.

## B.     Access To Court Claim

Londono alleges in Count I that he was denied access to the courts because his informal complaints and request for administrative remedies were ignored. ECF No. 6 at 5.

"The First Amendment guarantees a prisoner a right to seek redress of grievances from prison authorities and . . . a right of meaningful access to the courts." *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015) (citations

omitted).  The Supreme Court, however, has never recognized a *Bivens* remedy for First Amendment claims, *see Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012); and the Ninth Circuit has declined to extend *Bivens* to access to court claims in various contexts.  *See Vega v. United States*, 881 F.3d 1146, 1153–55 (9th Cir. 2018) (declining to expand *Bivens* remedy to include access to court claims against private defendants under the First Amendment); *Schwarz v. Meinberg*, 761 F. App'x 732, 733–34 (9th Cir. 2019) ("We decline to extend *Bivens* remedies to [the plaintiff's] claims — unsanitary cell conditions, access to courts, and request for placement in a camp facility — because these claims do not fall within claims authorized by the Supreme Court." (citation omitted)).

District courts, therefore, have consistently concluded that no *Bivens* remedy exists for access to court claims.  *See, e.g.*, *Camillo-Amisano v. Fed. Bureau of Prisons*, No. 2:17-cv-06634-ODW-JDE, 2019 WL 8138040, at *5 (C.D. Cal. Oct. 4, 2019) ("The Court declines to find a private right of action for Plaintiff's denial of access to courts claim under *Bivens*[.]"), *report and recommendation adopted*, No. CV 17-06634-ODW (JDE), 2019 WL 8137708 (C.D. Cal. Nov. 12, 2019); *Moore v. United States*, Case No.: 1:20-cv-00451-NONE-SAB (PC), 2020 WL 3265874, at *4 (E.D. Cal. June 17, 2020) ("[T]he Court . . . declines to find an implied *Bivens* cause of action under the First Amendment for the denial of access to the courts." (citation omitted)), *report and recommendation adopted*, Case No.:

8

1:20-cv-00451-NONE-SAB (PC), 2020 WL 6060869 (E.D. Cal. Oct. 14, 2020); *see also Free v. Peikar*, Case No. 1:17-cv-00159-AWI-MJS (PC), 2018 WL 1569030, at *2 (E.D. Cal. Mar. 30, 2018) ("Nationwide, district courts seem to be in agreement that, post-*Abbasi*, prisoners have no right to bring a *Bivens* action for violation of the First Amendment." (citations omitted)).

Even if a *Bivens* remedy exists for an access to court claim, Londono fails to state a plausible claim for relief. "To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury." *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis v. Casey*, 518 U.S. 341, 349 (1996)). "Actual injury is a jurisdictional requirement that flows from the standing doctrine and may not be waived." *Id.* (citation omitted). "It is actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* (internal quotation marks and citation omitted). Failing to allege that a nonfrivolous legal claim has been frustrated is fatal to an access to court claim. *See Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008).

Here, Londono cannot allege that Warden Derr's or Bautista's actions frustrated a nonfrivolous legal claim. Indeed, Londono has already filed two pleadings in this suit. Although ignoring Londono's informal complaints and his request for administrative remedies might have delayed Londono's ability to

proceed through the BOP's administrative remedy program and slowed his ability
to exhaust his administrative remedies, this does not satisfy the actual injury
requirement.  *See Kerch v. Johnson*, Civil Action No. 5:17-CV-108 (MTT), 2018
WL 844416, at *2 n.4 (M.D. Ga. Feb. 13, 2018) ("[B]ecause the alleged
interference with the grievance procedure did not prevent the Plaintiff from
bringing suit in court, he has suffered no actual injury."); *Jose-Nicolas v. Butler*,
Case No. 16-cv-00402-MJR, 2016 WL 2643347, at *3 (S.D. Ill. May 10, 2016)
(dismissing access to court claim where the plaintiff "was not prevented from
filing [an] action in a timely manner, and he describe[d] no actual legal detriment
that he suffered as a result of [the defendant's] conduct").

To the extent Londono suggests that he could not appeal to the BOP's
regional office until Warden Derr denied his request for administrative remedies in
writing, ECF No. 6 at 5, that is not so.  The BOP's administrative remedy program
consists of the following four steps:  (1) presenting an issue of concern informally
to staff, *see* 28 C.F.R. § 542.13(a); (2) submitting a formal request for
administrative remedies to a facility's warden, *see* 28 C.F.R. 542.14(a); (3)
appealing to the appropriate Regional Director, *see* 28 C.F.R. § 542.15(a); and (4)
appealing to the BOP's General Counsel, *see id.  See Seina v. Fed. Det. Ctr.-
Honolulu*, Civ. No. 16-00051 LEK-KJM, 2016 WL 6775633, at *5 (D. Haw. Nov.
15, 2016) (describing the BOP's four-step administrative remedy procedure).

10

In general, a warden has 20 days to respond, the Regional Director has 30 days to respond, and the General Counsel has 40 days to respond.  *See* 28 C.F.R. § 542.18.  These deadlines can be extended, with written notice provided to the inmate.  *See id.*  "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  *Id.*  Thus, Londono only needed to wait the allotted time before he appealed to the next level, not until he received a written response from Warden Derr.  *See Ghost Dancer v. McGrew*, No. CV 15-3164 DSF (GJSx), 2019 WL 8198194, at *3 (C.D. Cal. Aug. 13, 2019) ("The only sensible reading of § 542.18 . . . is that if the inmate does not receive a response . . . an inmate may consider the absence of a response to be a denial at that level." (footnote omitted)).

Londono's access to court claim is DISMISSED.  Because any amendment would be futile, this dismissal is without leave to amend.  *See Sylvia Landfield Tr.*, 729 F.3d at 1196.

## C.     Property Deprivation Claim

Londono alleges in Count II that he was wrongfully deprived of his property because $426.00 was not transferred from his account at Otay Mesa to FDC Honolulu.  ECF No. 6 at 6.

Londono's claims in Count II present a new *Bivens* context.  The Court declines to decide whether "special factors" caution against extending Bivens to

Londono's due process claim during screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, without briefing by the parties upon a motion either to dismiss or for summary judgment.  *See Williams v. Kobayashi*, Civ. No. 1:18-cv-00336 DKW-RLP, 2018 WL 5258614, at *7 (D. Haw. Oct. 22, 2018) (declining to decide during screening whether special factors cautioned against extending *Bivens* to substantive due process claims).

But even assuming, for purposes of screening, that a *Bivens* remedy does exist, Londono fails to state a claim in Count II.  The Due Process Clause of the Fifth Amendment provides that no one shall "be deprived of life, liberty, or property without due process of law."  U.S. Const. amend. V.  It is well established, however, that a prisoner cannot state a constitutional claim for deprivation of property where the government provides an adequate post-deprivation remedy.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[W]e hold that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Raditch v. United States*, 929 F.2d 478, 481 (9th Cir. 1991) ("Although *Hudson* involved § 1983 and the Fourteenth Amendment, the same due process principles apply to the federal government through the Fifth Amendment." (citation and footnote omitted)).

12

Here, the BOP's administrative remedy program provides a meaningful post-deprivation remedy to Londono for the alleged property deprivation.  *See Panschow v. Murillo*, Case No. 5:19-cv-02446-DSF-AFM, 2020 WL 292182, at *2 (C.D. Cal. Jan. 17, 2020) ("An adequate post-deprivation remedy for federal prisoners exists in the form of the BOP's administrative remedy program." (citation omitted)); *Douglas v. BOP Dir.*, Case No. 5:19-cv-01015-R (MAA), 2019 WL 6170734, at *3 (C.D. Cal. Nov. 20, 2019) ("A meaningful remedy exists through the Prison Administrative Remedy Program." (citation omitted)); *Larkin v. Watts*, Case No. CV 07-7126-VAP(RC), 2008 WL 11472156, at *3 (C.D. Cal. Apr. 14, 2008) ("[T]he BOP's grievance procedure, 28 C.F.R. §§ 542.10 *et seq.*, provides that adequate post-deprivation remedy." (footnote and citation omitted)), *report and recommendation adopted*, No. CV 07-7126-VAP(RC), 2008 WL 11472155 (C.D. Cal. June 5, 2008), *aff'd*, 300 F. App'x 501 (9th Cir. 2008).

In addition, a remedy may be available to Londono under 31 U.S.C. § 3723. That section permits a claim for not more than $1,000 for property damage or loss caused by negligence of a federal employee acting within the scope of his or her employment.  *See* 31 U.S.C. § 3723(a); *Wilson v. United States*, 834 F. App'x 418, 418–19 (9th Cir. 2021) (concluding that district court properly dismissed due process claims against correctional officers for deprivation of property under *Bivens*, citing 31 U.S.C. § 3723(a) and noting that insufficient facts were alleged).

Because a meaningful post-deprivation remedy is available to Londono, his due process claim cannot proceed.

Count II is therefore DISMISSED.  Because any amendment would be futile, this dismissal is also without leave to amend.  *See Sylvia Landfield Tr.*, 729 F.3d at 1196.

## IV.    <u>28 U.S.C. § 1915(g)</u>

Londono is notified that this dismissal may count as a "strike" under 28 U.S.C. § 1915(g).  Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## V.    <u>CONCLUSION</u>

(1) The First Amended Complaint, ECF No. 6, is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

(2) Because any amendment would be futile, the First Amended Complaint is DISMISSED without leave to amend, and this dismissal may later constitute a strike under 28 U.S.C. § 1915(g).

(3) The court CERTIFIES that an appeal from this Order would be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir.1977) (stating that indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

(4) The Clerk is DIRECTED to enter judgment and close this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, June 7, 2022.



Jill A. Otake
United States District Judge